IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Richard Pacheco, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   13 C 4759 |
| Professional Recovery Services, Inc., a New Jersey corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Richard Pacheco, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, Richard Pacheco ("Pacheco"), is a citizen of the State of Florida, from whom Defendant attempted to collect a delinquent consumer debt he allegedly owed originally for a Bank of America/FIA account, despite the fact that he had refused to pay that debt, demanded that Defendant cease communications and was represented by counsel.

4. Defendant, Professional Recovery Services, Inc. ("PRS"), is a New Jersey corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant PRS operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant PRS was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5 Defendant PRS is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, PRS conducts business in Illinois.

6. Moreover, Defendant PRS is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, PRS acts as a debt collection agency in Illinois.

**FACTUAL ALLEGATIONS**

7. Mr. Pacheco is a disabled senior citizen, with limited assets and income, who fell behind on paying his bills, including a debt he allegedly owed for a Bank of America/FIA account. When PRS began trying to collect this debt from Mr. Pacheco, by sending him a collection letter dated March 7, 2013, he sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendant PRS's collection actions. A copy of this letter is attached as Exhibit C.

8. Accordingly, on April 9, 2013, one of Mr. Pacheco 's attorneys at LASPD informed PRS that Mr. Pacheco was represented by counsel, and directed PRS to

cease contacting him, and to cease all further collection activities because Mr. Pacheco was forced, by his financial circumstances, to refuse to pay his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

9. Undeterred, Defendant PRS called Mr. Pacheco to collect the alleged Bank of America/FIA debt, including, but not limited to, on May 3, 2013 at 1:29 p.m. and on May 11, 2013 at 10:15 a.m., from phone number 800-915-1016.

10. Accordingly, on May 13, 2013, Mr. Pacheco's LASPD attorney had to send Defendant yet another letter, directing it to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit E.

11. Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

15. Here, the letter from Mr. Pacheco's legal aid attorney at LASPD told Defendant PRS to cease communications and cease collections (Exhibit D). By

3

continuing to communicate regarding this debt and demanding payment, by calling Mr. Pacheco directly on May 3, 2013 and May 11, 2013, Defendant PRS violated § 1692c(c) of the FDCPA.

16.  Defendant PRS's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

17.  Plaintiff adopts and realleges ¶¶ 1-12.

18.  Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

19.  Defendant knew, or readily could have known, that Mr. Pacheco was represented by counsel in connection with his debts because his attorneys at LASPD had informed PRS, in writing (Exhibit D), that Mr. Pacheco was represented by counsel, and had directed a cessation of communications with Mr. Pacheco.  By directly calling Mr. Pacheco, despite the notice that he was represented by counsel, Defendant violated § 1692c(a)(2) of the FDCPA.

20.  Defendant's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C.§1692k.

4

## PRAYER FOR RELIEF

Plaintiff, Richard Pacheco, prays that this Court:

1. Find that Defendant's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Pacheco, and against Defendant PRS, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Richard Pacheco, demands trial by jury.

                                                                          Richard Pacheco,

                                                                          By: /s/ David J. Philipps
                                                                          One of Plaintiff's Attorneys

Dated: July 1, 2013

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

5